# In the United States Court of Federal Claims

No. 10-251V
(Filed: August 31, 2017)[1]

```
* * * * * * * * * * * * * * * * * * * * * *  *
                                            *
EMILY TARSELL, as the                       *
Executrix of the Estate of                  *
CHRISTINA TARSELL,                          *
                                            *
          Petitioner,                       *
                                            *
     v.                                     *
                                            *
  THE UNITED STATES,                        *
                                            *
          Respondent.                       *
                                            *
* * * * * * * * * * * * * * * * * * * * * *  *
```

National Childhood Vaccine Injury Act; 42 U.S.C. § 300aa-12(d)(4)(B); Redactions in Court Opinion; Disclosure of Medical Information; Clearly Unwarranted Invasion of Personal Privacy.

Mark T. Sadaka, Mark T. Sadaka, LLC, 155 North Dean Street, 4th Floor, Englewood, New Jersey, 07631, for Petitioner.

Benjamin C. Mizer, Rupa Bhattacharyya, Vincent J. Matanoski, Gabrielle M. Fielding, Ann D. Martin, United States Department of Justice, Civil Division, Torts Branch, P.O. Box 146, Benjamin Franklin Station, Washington, D.C., 20044, for Respondent.

---

## ORDER

---

On July 17, 2017, Petitioner filed a motion for redaction of all medical provider names from the Court's June 30, 2017 Opinion and Order. Petitioner argues that, under the Vaccine Act, an individual's estate has an expectation of privacy under the Vaccine Act in this type of sensitive medical information. Pet'r's Mot. 2. Petitioner argues that the "release of this information would result in an exacerbation of the grief and sorrow Christina Tarsell's family and friends have already suffered as a result of her sudden and untimely death." Id. Petitioner offers no explanation as to why release medical provider and facility names would cause this result and does not articulate any additional justification for the requested redactions.

---

[1] Pursuant to Vaccine Rule 18 of the Rules of the United States Court of Federal Claims, the Court issued its Opinion under seal to provide the parties an opportunity to submit redactions. The parties did not propose any redactions. Accordingly, the Court publishes this Opinion.

Respondent filed a response stating that it would not advocate in favor of disclosure of a vaccine recipient's information but would defer to the "Court's judgment as to whether [P]etitioner's Motion should be granted, applying the analytical framework" in Langland v. Secretary of Health & Human Services, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), mot. for rev. denied on non-relevant grounds, 109 Fed. Cl. 421 (2013), and W.C. v. Secretary of Health & Human Services, 100 Fed. Cl. 440 (2011), aff'd on non-relevant grounds, 704 F.3d 1352 (Fed. Cir. 2013).

Section 12(d)(4) of the Vaccine Act provides:

(B) A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information - -

> (i) which is trade secret or commercial financial information which is privileged and confidential, or
> (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information.

42 U.S.C. § 300aa-12(d)(4)(B) (2016). By its terms, the Vaccine Act mandates disclosure of judicial decisions in Vaccine Act cases unless the person objecting to disclosure demonstrates that release of such medical information would constitute a "clearly unwarranted invasion of privacy." Id. Petitioner has a "substantial burden" in demonstrating that nondisclosure is warranted. See Langland, 2011 WL 802695, at *6.

While "expressing a cautionary note regarding the publication of an individual's name," Congress indicated its intention that information regarding adverse reactions to childhood vaccines developed as a result of Vaccine Act litigation should be in the public domain. K.L. v. Sec'y of Health & Human Servs., 123 Fed. Cl. 497, 504 (2015) (citing S. Rep. No. 99-483, at 17-18 (1986)). Here, Petitioner has not sought redaction of the decedent's name, the particulars of her medical history or the circumstances of her death. The Legislative History explains that the Vaccine Act is "designed to widen the knowledge about adverse reactions to childhood vaccines," and the Senate Committee report explicitly instructs that the type of information Petitioner seeks to redact here - - provider names - - should be available to the public:

> The Senate Committee believes that information regarding the adverse reactions to childhood vaccines including locality and State of immunization, date of the vaccination, information concerning reported symptoms, manifestation of resulting illness, disability or injury and name of the health care provider should be a matter of public record.

S. Rep. No. 99-483, at 17-18 (emphasis added).

Moreover, this category of medical information - - the names of treating physicians and their affiliated facilities - - has already been disclosed to the public in the Special Master's decision, see Tarsell v. Sec'y of Health & Human Servs., No. 10-251V, 2016 WL 880223 (Fed. Cl. Spec.

2

Mstr. Feb. 16, 2016).[2] Names of treating physicians and facilities are routinely disclosed in this Court's decisions reviewing Special Master's decisions on causation under the Vaccine Act. See e.g. Mondello v. Sec'y of the Dep't of Health & Human Servs., 132 Fed. Cl. 316, 318-21 (2017); K.T. v. Sec'y of Health & Human Servs., 132 Fed. Cl. 175, 178-80 (2017); D'Tiole v. Sec'y of Health & Human Servs., 132 Fed. Cl. 421, 424-26 (2017).

The Court has a statutory mandate to disclose its Vaccine Act decisions, unless the Court finds disclosure of particular medical information would constitute a clearly unwarranted invasion of privacy. There is no factual or legal predicate for such a finding here. Because the category of information that Petitioner seeks to redact is already in the public domain and is routinely disclosed, Petitioner has not met her "substantial burden" in demonstrating that disclosure of the names of Petitioner's individual doctors and facilities would constitute a "clearly unwarranted invasion of privacy." See Langland, 2011 WL 802695, at *6; see also Anderson v. Sec'y of Health & Human Servs., No. 08-0396V, 2014 WL 3294656, at *5 (Fed. Cl. Spec. Mstr. June 4, 2014). As such, the Court will publish its decision on August 16, 2015.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[2] The Special Master's decision discloses the names of two treating physicians, but does not reference the additional three treating physicians and medical facilities referenced by this Court in its Opinion and Order.